UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| LEE BABIN, individually and as owner of CAPTAIN LEE JR., LLC AND CAPTAIN LEE JR., LLC | * | CIVIL ACTION |
| VERSUS | * | NO.: 6:20-cv-998 SECTION: |
| A BIZ ACTION INSURE ME AGENCY, LLC, A-BIZ ACTION INSURANCE AGENCY SALIKHA BERKOVICH, JOHN UHR, COLUMBIA CASUALTY COMPANY AND UNITED SPECIALTY INSURANCE COMPANY | * * | MAG: |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs Lee Babin, individually and as owner of Captain Lee Jr., LLC, a person of the full age of majority and domiciled in the Parish of St. Mary, State of Louisiana, and Captain Lee Jr., LLC, and respectfully aver as follows:

1.

Made defendants herein are:

A. **A BIZ ACTION INSURE ME AGENCY, LLC**, hereinafter referred to as Insure Me, a foreign entity doing business in the State of Louisiana;

B. **A-BIZ ACTION INSURANCE AGENCY,** hereinafter referred to as A-Biz Action, a foreign entity doing business in the State of Louisiana;

B. **SALIKHA BERKOVICH**, a person of the full age of majority and a resident of the State of New Jersey and as agent for Insure Me and A-Biz Action;

C. **JOHN UHR**, a person of the full age of majority and a resident of the State of

New Jersey and a broker for Insure Me and A-Biz Action; and

D. **COLUMBIA CASUALTY COMPANY**, hereinafter referred to as Columbia, the errors and omissions carrier for Insure Me, A-Biz Action and Salikha Berkovich and a foreign insurance company authorized to do and doing business in the State of Louisiana; and

E. **UNITED SPECIALTY INSURANCE COMPANY**, hereinafter referred to as USIC, a foreign insurance company authorized to do and doing business in the State of Louisiana.

2.

Defendants are justly and truly indebted unto plaintiffs, jointly, severally and in solido for all damages, attorney's fees and bad faith penalties or fees as are reasonable in the premises, together with legal interest from date of judicial demand, until paid, and for all cost of these proceedings for the following reasons, to-wit:

3.

Plaintiff, Lee Babin is the owner of the company, Captain Lee, Jr., LLC ("Captain Lee"). Captain Lee owns the M/V Hayden Evans.

4.

Defendant, Salikha Berkovich, was/is the owner and Chief Executive Officer of Insure Me and A-Biz Action, and the insurance agent for plaintiffs at all times pertinent to the issues involved in this litigation. She is licensed in New Jersey to sell marine insurance. Upon information and belief, she is not licensed in Louisiana to sell insurance of any kind.

5.

Plaintiffs Lee Babin, individually and as owner of Captain Lee, and Captain Lee

purchased marine insurance through defendants Insure Me, A-Biz Action, Berkovich and Uhr, as insurance brokers and/or agents, from defendant, United Specialty Insurance Company. The coverage Plaintiffs purchased from or through defendants was intended to cover risks inherent in the operation of vessels, including hull and machinery and protection and indemnity risks.

6.

Plaintiffs relied on defendants Insure Me, A-Biz Action, Berkovich and Uhr (the "Broker/Agent Defendants") to identify Plaintiffs' insurance needs and to obtain quotes for suitable coverage to protect those needs. Plaintiffs answered the questions asked by the Broker/Agent Defendants, who held themselves out to Plaintiffs as experienced, knowledgeable marine insurance brokers and agents.

7.

Lee Babin is not a United States Coast Guard licensed vessel captain and never held himself out as such to any of the Broker/Agent Defendants. Lee Babin is not authorized to operate the vessel HAYDEN EVANS.

8.

Plaintiffs sought and were led to believe by the Broker/Agent Defendants that they were receiving marine insurance coverage that covered risks which occurred both while the HAYDEN EVANS was secured at a dock or mooring and while underway.

9.

The Broker/Agent Defendants never advised Plaintiffs that the coverage they procured for Plaintiffs, and which they recommended as adequate for Plaintiffs' needs, would apply only when the HAYDEN EVANS was being operated by specifically named personnel.

10.

USIC issued a Commercial Lines Policy of insurance to Captain Lee, with Protection and Indemnity ("P&I") and Hull and Machinery ("H&M") coverages (the "Policy"). The coverage period for the Policy was August 8, 2018 to August 8, 2019.

11.

On or about June 15, 2019, Captain Kenneth D. Perez, Jr. was operating the M/V Hayden Evans on the Intracoastal Waterway near Morgan City, Louisiana.

12.

On the aforesaid date, the M/V Hayden Evans hit an unidentified submerged object in the Intracoastal Waterway which caused damage to the bottom of the vessel. Following the contact with the submerged object, Captain Perez ran the vessel on an embankment near the actual bank of the Intracoastal as the first level of the vessel was taking on water. As a result of this maneuver by Captain Perez. only the first level of the vessel took on water and the vessel did not sink. Captain Perez's quick thinking and skill therefore resulted in significantly mitigated damages.

13.

Plaintiffs subsequently incurred repair costs of $147,465.22 to return the HAYDEN EVANS to service. Those repair costs were paid by Plaintiffs.

14.

USIC did not deliver a copy of the Policy to Plaintiffs and did not deliver a copy of the Policy to Berkovich, Insure Me, or Biz-Action Agency. Instead, USIC claims that it delivered a copy of the Policy to the personal, rather than business, email address of Uhr.

15.

Uhr denies ever having received the Policy from USIC.

16.

Plaintiffs did not receive a copy of the Policy from USIC, or anyone else, until after the June 15, 2019 casualty, despite the fact that the Policy had been in effect for more than ten (10) months at the time of the casualty.

17.

Plaintiffs notified the Broker/Agent Defendants of the casualty and made a claim under the H&M coverage of the USIC Policy for the costs of repair of the HAYDEN EVANS and other recoverable damages which resulted from the casualty. The repairs were completed in the months of June, July and August of 2019. Proof of the cost of said repairs was submitted to defendant USIC in August 2019.

18.

USIC denied Plaintiffs' insurance coverage claim *via* letter dated November 6, 2019 (the "Denial Letter").

19.

The lone basis for denying coverage set forth in the Denial Letter was a Policy Change Endorsement Number 1 (the "Policy Change Endorsement") which, according to USIC, "states that, in order for coverage to apply, the vessel must be operated by a person listed in the form. The form lists only the named insured, Lee A Babin, as a covered operator."

20.

The Policy Change Endorsement cited by USIC as the lone basis for denying Plaintiffs claims does not apply to all coverages afforded by the Policy, but rather contains specific language stating that it applies only to the "Vessel Physical Damage" and "Protection and Indemnity" coverage parts.

21.

Other endorsements to the Policy apply specifically to the "Hull and Machinery" coverage part, but the Policy Change Endorsement cited by USIC as the basis for its defense to coverage does not, according to its own terms, apply to the "Hull and Machinery" coverage part.

22.

After receiving the Denial Letter, Plaintiffs, through counsel, contacted USIC in an effort to discuss the improper denial of coverage. Outside counsel for USIC, confronted with the fact that the Policy Change Endorsement, by its own terms, does not apply to H&M coverage, claimed that Vessel Physical Damage and H&M are synonymous despite the fact that certain exclusions to the Policy (such as the All Persons Aboard Exclusion) state that they specifically apply to the "Hull Form", and further despite the fact that certain endorsements (such as Policy Change Numbers 7 and 8) apply to the "Vessel Physical Damage" and "Hull and Machinery" coverage parts. USIC's outside counsel could offer no explanation for why both "Vessel Physical Damage" and "Hull and Machinery" coverage parts were listed on Policy Change Numbers 7 and 8 if those terms were, as outside counsel to USIC represented, "synonymous".

23.

After receiving the Denial Letter, counsel for Plaintiffs also asked USIC's outside counsel for evidence that the Policy was actually delivered as required by Louisiana law. USIC's outside counsel refused to provide evidence of such delivery.

24.

After receiving the Denial Letter, counsel for Plaintiffs also asked USIC's outside counsel what efforts had been made by USIC to verify that the Policy had been delivered as required by Louisiana law. USIC's outside counsel refused to identify any efforts made by USIC

to verify the Policy had been actually delivered.

25.

USIC's arbitrary, capricious, misleading and baseless contention to the contrary notwithstanding, coverage for the June 15, 2019 casualty is owed under the Policy. USIC failed to adjust and settle Plaintiffs' claim within the timeframes set forth under Louisiana law.

26.

USIC's arbitrary, capricious, misleading and baseless failure and refusal to adjust and settle Plaintiffs' claim within the timeframes set for under Louisiana law entitle Plaintiffs to penalties and punitive damages under Louisiana.

27.

USIC owed its insured a duty of good faith and fair dealing. USIC breached its duties to its insured by misrepresenting pertinent facts or insurance policy provisions relating to the coverage at issue and by arbitrarily, capriciously and/or without probable cause failing to pay the amount of the Plaintiffs' claim within sixty (60) days after receipt of satisfactory proof of loss. USIC is liable to Plaintiffs for penalties as a result of the foregoing conduct.

28.

Regardless of whether the Policy Change Endorsement applies to the Policy's H&M coverage, the Policy Change Endorsement cannot be used as a basis to deny coverage because the Policy was not delivered in accordance with Louisiana law.

29.

Regardless of whether the Policy Change Endorsement would otherwise serve as a defense to coverage, coverage is owed under the Policy because the Policy Change Endorsement was unsigned.

30.

In the alternative, Plaintiffs aver that the Policy Change Endorsement in unconscionable under the circumstances and therefore violative of Louisiana public policy. USIC accepted premium for H&M coverage for two vessels under the Policy, yet those vessels could never be covered while underway and operating according to USIC's interpretation of the Policy Change Endorsement, as the lone designated operator – Lee A Babin – is not a licensed captain and thus is neither qualified nor eligible to operate the insured vessels. Despite that fact, USIC did not offer or provide Plaintiffs any premium discount or reduction to recognize the fact that the vessels could never be insured while underway. In addition, even if Lee A Babin was a licensed captain, the vessels could at most be operated a combined 12-hours per day due to the Coast Guard's 12-hour rule, leaving the vessels unable to operate for 36 of the 48 vessel hours per day.

31.

In the further alternative, the Policy Change Endorsement should not be applied against Plaintiffs' claim because the language in the Policy is vague and ambiguous, and applying the Policy Change Endorsement as construed by USIC would lead to the absurd consequence that the vessels could never be insured under the Policy's H&M coverage part while underway.

32.

Defendant Columbia Casualty Company ("Columbia") issued an Insurance Agent Professional Liability Policy (policy number 652554398) to Insure Me (the "E&O Policy"), which policy afforded defendant with professional liability insurance coverage for the acts alleged herein.

33.

If it is found that coverage under the Policy does not exist for Plaintiffs' claims, then the

failure by the Broker/Agent Defendants to procure the proper and necessary coverage for Plaintiffs' operations and liability exposures constitutes negligence on the part of the Broker/Agent Defendants and the Broker/Agent Defendants are liable to Plaintiffs for all damages that would otherwise have been covered by the proper insurance coverage.

34.

If it is found that coverage under the Policy does not exist for Plaintiffs' claims, then Columbia owes coverage for the negligence of the Broker/Agent Defendants, including specifically Insure Me. Plaintiffs hereby assert a direct action claim against Columbia for the negligence and fault of the Broker/Agent Defendants, and specifically Insure Me, which, on information and belief, is the alter ego of defendant A-Biz Action.

WHEREFORE, plaintiffs pray that defendants, A Biz Action Insure Me Agency, LLC, A-Biz Action Insurance Agency, Salikha Berkovich, John Uhr, Columbia Casualty Company and United Specialty Insurance Company, be duly cited and served with a certified copy of this Complaint and, after due proceedings are had, there be judgment herein in favor of plaintiffs, Lee Babin, individually and as owner of Captain Lee Jr., LLC, and Captain Lee Jr., LLC, and against the defendants, A Biz Action Insure Me Agency, LLC, A-Biz Action Insurance Agency, Salikha Berkovich, John Uhr, Columbia Casualty Company and United Specialty Insurance Company, severally and in solido for such damages as are reasonable in the premises, together with legal interest from date of judicial demand, until paid, as well as penalties, reasonable attorney's fees and for all costs of these proceedings.

Plaintiffs further pray for all general and equitable relief.

Respectfully submitted,

_____
E. JAMES GAIDRY, JR. #21600
Gaidry Law Group
7921 Park Avenue
Houma, LA 70364
Telephone: (985) 223-4400
Fax: (985) 223-4402

## PLEASE SERVE:

A Biz Action Insure Me Agency, LLC
Through its agent for service of process
    Salikha Berkovich
    12-55 River Rd.
    Fair Lawn, NJ 07410

A-Biz Action Insurance Agency
12-55 River Rd.
Fair Lawn, NJ 07410

Salikha Berkovich
12-55 River Rd.
Fair Lawn, NJ 07410

John Uhr
92 Elmwood Terrace
Elmwood Park, NJ 07407-1759

Columbia Casualty Company
Through its agent for service of process
    Louisiana Secretary of State
    8585 Archives Ave.
    Baton Rouge, LA 70809

United Specialty Insurance Company
Through its agent for service of process
    Louisiana Secretary of State
    8585 Archives Ave.
    Baton Rouge, LA 70809